IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
COLLIER STARKS                       :
                                     :
     Petitioner-Defendant,            :    CIVIL ACTION
                                     :
v.                                   :    NO. 1:12-CV-3965-TWT-ECS
                                     :
HARBOR GROVE APARTMENTS LLC,         :
d/b/a HARBOR GROVE APARTMENTS        :
                                     :
     Respondent-Plaintiff.            :
```

## ORDER, FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

### I.
### Introduction

The above-styled case is a dispossessory action originally filed in the Magistrate Court of Fulton County that Petitioner, proceeding pro se, is seeking to remove to federal court under 28 U.S.C. § 1446(d). This matter is presently before the Court on Petitioner's application to proceed in forma pauperis, [Doc. 1], and notice of removal, [Doc. 1-1]. After consideration by the Court of Petitioner's affidavit of indigency, Petitioner's motion to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). Because the Court does not have original jurisdiction over the claim made in state court, however, the undersigned **RECOMMENDS** that the action be **DISMISSED** and **REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1447(c).

**II.**
**Discussion**

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Whether federal question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987)

2

(citation omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003). Furthermore, "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002).

Here, it appears that Respondent relied exclusively on state law in filing the dispossessory action in the Fulton County Magistrate Court. Nevertheless, Petitioner alleges in the notice of removal that Respondent violated 15 U.S.C. § 1692 and Federal Rule of Civil Procedure 60. [Doc. 1-1 ¶ 1]. Petitioner also alleges that the dispossessory action "is in violation of [the] 14th Amendment of the U.S. Constitution with respect to Due Process of law." [Id. ¶ 2]. But, as discussed above, a case may not be removed to federal court on the basis of a federal defense, see Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430, or on the basis of a federal counterclaim, see Vornado, 535 U.S. at 831, 122 S. Ct. at 1894. Thus, absent a federal question presented on the face of Respondent's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Petitioner cannot properly remove the action on the basis of federal question jurisdiction. Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430; see also Wachovia Mortg. Assoc. v. Lee, No. 1:11-cv-304-TWT-

3

AO 72A
(Rev.8/82)

RGV, 2011 WL 976629 (N.D. Ga. Feb. 4, 2011) (remanding dispossessory action to state court for lack of subject matter jurisdiction);[1] Bank of N.Y. v. Wilson, No. 1:08-cv-332-TWT, 2008 WL 544741 (N.D. Ga. Feb. 25, 2008) (same); HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (same).[2]

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1441. Accordingly, **IT IS RECOMMENDED** that this case be **DISMISSED** and **REMANDED** to the Magistrate Court of Fulton County. The clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 19th day of November, 2012.

---

[1] The Court notes that the present notice of removal is nearly identical to that filed in Lee, but with the paragraphs in reverse order.

[2] Likewise, there is no basis for diversity jurisdiction as Petitioner indicates on the civil cover sheet that he is a citizen of Georgia. [Doc. 1-2 at 1]. See 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

4

*/s/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)